OPINION
Teeak Moore is appealing the judgment of the Clark County Common Pleas Court which found him guilty of possession of drugs and tampering with evidence.
On December 7, 8, and 9, 1999, two officers, Officer Varner and Officer Burnett, from the Springfield Police Department were working undercover in a neighborhood in Springfield looking for drug transactions. The two officers were positioned in an abandoned house and were viewing the street through a window with binoculars. On the nights of December 7 and 8, 1999, the officers observed Mr. Moore wearing a jacket, red hat, and white pants selling what appeared to be crack cocaine. On December 9, 1999, the officers once again saw Mr. Moore on the street in the same clothes selling what appeared to be crack cocaine. The officers called for another officer for support in making the arrest and Officer Montico responded.
Officer Montico pulled his cruiser directly in front of Mr. Moore, but did not turn on his overhead red and blue lights or use his siren. Officer Montico got out of his cruiser and asked Mr. Moore to come towards him. Before walking towards him, Officer Montico saw Mr. Moore throw something on the ground. During this time, Officers Varner and Burnett had moved from inside the house to some bushes near Mr. Moore and appeared from the bushes to arrest Mr. Moore. Officer Montico informed the other officer that Mr. Moore had thrown something on the ground and directed the officers to where it was thrown. The officers retrieved a plastic baggie of what appeared to be crack cocaine. The officers arrested Mr. Moore and charged him with trafficking drugs, tampering with evidence and possession of drugs. The substance in the baggie was field tested and sent to a lab where it was confirmed to be crack cocaine.
On October 30, 2000, a trial was held and Mr. Moore was found not guilty of trafficking due to excellent work by his defense counsel but found guilty of possession of drugs and tampering with evidence. Mr. Moore filed this timely appeal.
Mr. Moore now asserts the following three assignments of error:
 1. APPELLANT'S RIGHTS UNDER ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES WERE VIOLATED WHEN HIS CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 2. THE CONVICTION SHOULD BE REVERSED BECAUSE THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 3. THE ERRORS CITED ABOVE, WHEN TAKEN TOGETHER, CONSTITUTE CUMULATIVE ERROR SUCH THAT THE CONVICTIONS MUST BE REVERSED.
Appellant's first assignment of error:
 Mr. Moore argues that the State of Ohio (hereinafter "State") presented insufficient evidence to convict Mr. Moore of tampering with evidence or possession of drugs. We disagree.
Sufficiency of the evidence is a legal standard which is applied to determine "whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, reconsideration denied (1997), 79 Ohio St.3d 1451, citing Black's Law Dictionary (6 Ed. 1990) 1433. In determining whether sufficient evidence has been presented in a criminal case, the court must determine "whether or not the state has presented evidence on each element of the charges which, if believed by the trier of fact, would convince the average mind of the accused's guilt beyond a reasonable doubt." State v. Gillespie (Jan. 21, 1993) Montgomery App. No. 12941, 13585, unreported. A conviction based on legally insufficient evidence amounts to a denial of due process. Thompkins, supra citing Tibbs v. Florida (1982), 457 U.S. 31,45.
Mr. Moore argues that the State did not produce sufficient evidence on the tampering with evidence charge. R.C. 2921.12 provides:
 (A) No person, knowing an official proceeding or investigation is in progress, or is about to be or is likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]
Mr. Moore argues that the State did not produce sufficient evidence that Mr. Moore knew an investigation was about to be instituted or that the baggie containing crack cocaine was altered, concealed, destroyed, or removed. Officer Montico testified that he pulled his marked police cruiser directly in front of Mr. Moore with his headlights shining on Mr. Moore. (Vol. II Tr. 106-107). Further, Officer Montico testified that he got out of the cruiser, was wearing his police uniform, and told Mr. Moore to come over to the cruiser. (Id.). At this point, Mr. Moore threw the baggie of crack cocaine into the yard behind him. (Vol. II Tr. 107-108). Considering that a police officer in a marked cruiser had stopped his cruiser right in front of him, aiming the cruiser at him, and a uniformed officer had exited the vehicle and asked Mr. Moore to approach the cruiser, this was sufficient evidence that Mr. Moore knew that an investigation was likely to be instituted.
As for Mr. Moore's claim that the State did not produce sufficient evidence that the baggie of crack cocaine was altered, concealed, destroyed, or removed, we also disagree. Officer Varner testified that he was unable to find the baggie when it was thrown in the grass. (Vol. II Tr. 100). Officer Montico testified that the officers struggled to be able to find the baggie and that he had to continue to shine his flashlight on the location where he saw the baggie thrown in order for the officers to find it. (Vol. II Tr. 109-110). We find that this is sufficient evidence that the baggie of crack cocaine was concealed.
Additionally, Mr. Moore argues that the State produced insufficient evidence that Mr. Moore was knowingly in possession of crack cocaine on the night of December 9, 1999. Mr. Moore first argues that the evidence was insufficient because Officer Varner testified that he recalled Officer Montico recovering the baggie from the grass while Officers Burnett and Montico said Officer Burnett recovered the baggie from the grass. (Vol. II Tr. 52, 93-94, 109-110). We find that the two officers' testimony that Officer Burnett recovered the baggie was sufficient evidence for the chain of custody of the evidence. Also, Mr. Moore points to other inconsistencies in the officers' testimony such as how far Officers Varner and Burnett were from Mr. Moore, how many officers responded to the scene, and whether a known prostitute was in the area as well. (Vol. II Tr. 43, 62, 64, 69, 93, 97, 108, 113). However, we do not find that these inconsistencies are relevant to whether the State presented sufficient evidence that Mr. Moore was knowingly in possession of crack cocaine. These inconsistencies are related to the charge of trafficking of which Mr. Moore was found not guilty. Officer Montico testified that he stopped his cruiser directly in front of Mr. Moore and saw Mr. Moore throw the baggie into the grass which was later recovered by Officer Burnett. (Vol. II Tr. 106-108). Further, the State presented evidence that the baggie contained crack cocaine. (Vol. II Tr. 125). This was sufficient evidence that Mr. Moore was knowingly in possession of crack cocaine. Mr. Moore's first assignment of error is without merit and overruled. Appellant's second assignment of error:
 Mr. Moore argues the verdict of the jury finding him guilty of possession of drugs and tampering with evidence is against the manifest weight of the evidence. We disagree.
Even though a court of appeals may determine that a judgment is supported by sufficient evidence, it may nonetheless determine that the judgment is against the manifest weight of the evidence. Thompkins, supra. When determining whether a conviction is against the manifest weight of the evidence the appellate court reviews:
 the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Mr. Moore argues that the verdict was against the manifest weight of the evidence because the majority of the evidence the State offered was in the form of testimony of the officers rather than tangible, physical evidence. Additionally, Mr. Moore argues that the officers testified that the area in which Mr. Moore was arrested was a high drug area and therefore, the baggie could have belonged to someone else. Finally, Mr. Moore again argues that the testimony of the officers was inconsistent and as such his conviction was against the manifest weight of the evidence. We disagree. At trial, Officer Montico testified that he saw Mr. Moore throw the baggie into the grass and that he kept his flashlight on that spot until Officer Burnett recovered the baggie. (Vol. II Tr. 107-110). Therefore, the manifest weight of the evidence supported the jury's conclusion that the baggie belonged to Mr. Moore. Further Officer Montico's testimony was corroborated by Officer Burnett's testimony that he recovered the baggie from the grass. (Vol. II Tr. 52). Although Officer Varner offered inconsistent testimony in stating that he recalled Officer Montico retrieving the baggie, we find that the manifest weight of the evidence still supports that Officer Montico shined his flashlight on the area where Mr. Moore threw the baggie and Officer Burnett recovered the baggie from that area. (Vol. II Tr. 93-94). Moreover, Mr. Moore argues that Officers Burnett and Varner were watching from inside a house at least seventy five feet away over the previous two days and thus that their vision was too obscured to prove that he was the individual they saw over the previous two days. However, both Officers Varner and Burnett testified that they observed Mr. Moore through their binoculars in a well lit area over the several days and the officers further described the clothing he had on over the several days. (Vol. II Tr. 44-45, 48, 62, 85, 88, 97). Those articles of clothing were presented at trial. (Vol. II Tr. 34). We cannot say that the jury lost its way and that the convictions were against the manifest weight of the evidence. Mr. Moore's second assignment of error is without merit and overruled.
Appellant's third assignment of error:
 Mr. Moore argues that if the none of the errors listed in the first or second assignments of error entitled him to a reversal, then cumulatively the errors operated to deprive him of a fair trial. We disagree.
The Ohio Supreme Court has stated that "[a]lthough violations of the Rules of Evidence during trial, singularly, may not rise to the level of prejudicial error, a conviction will be reversed where the cumulative effect of the errors deprives a defendant of the constitutional right to a fair trial." State v. DeMarco (1987), 31 Ohio St.3d 191.
First, Mr. Moore argues that the trial court erred in permitting the officers to testify that a known prostitute and drug addict was near Mr. Moore immediately prior to his arrest. Officer Montico simply stated that this woman was near Mr. Moore at the time of the arrest and he watched her to make sure she did not attempt to grab the baggie Mr. Moore had thrown. (Vol. II Tr. 108). Officer Burnett testified that he witnessed what appeared to be a drug transaction between Mr. Moore and this woman. (Vol. II Tr. 45-46). The woman did not testify as she was deceased prior to trial. Mr. Moore's counsel objected to any testimony regarding this woman because her name had not been provided to him prior to trial, despite several discovery requests, but the objection was overruled. (Vol. II Tr. 40-42). However, the testimony regarding this woman was the basis for the State's charge of trafficking against Mr. Moore of which he was not convicted. Therefore, Mr. Moore was not harmed by the testimony about this woman. Yet, Mr. Moore argues that he was prejudiced by the statements that he was associating with this woman, who was known to be a substance abuser. Assuming that it was error to admit the statements about the woman, we find that this error was harmless in comparison to the baggie of crack cocaine Mr. Moore threw from his person.
Even when considered cumulatively these alleged errors and the alleged errors in the first and second assignments of error do not amount to a deprivation of Mr. Moore's right to a fair trial. Mr. Moore's third assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J., concur.